UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT LOUGH,

              Plaintiff,

    v.

WASHINGTON STATE
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, et al.,

              Defendants.

CASE NO. 3:20-CV-5894-JCC-DWC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Second Motion for a More Definite Statement ("Motion"). Dkt. 30.

After review of the Motion and the record before the Court, the Motion is denied, and Defendants are ordered to file an answer or other responsive pleading within thirty days of the entry of this Order. Plaintiff's request for the appointment of counsel (Dkt. 31) is denied without prejudice.

**Background**

Plaintiff is civilly committed at the Special Commitment Center ("SCC"). On October 22, 2020, Plaintiff filed the Original Complaint alleging Defendants violated his constitutional rights. Dkt. 10. On December 21, 2020, Defendants filed the First Motion for More Definite Statement ("First Motion"). Dkt. 23.

On January 7, 2021, Plaintiff filed an Amended Complaint, prior to the Court issuing an order on the First Motion. Dkt. 24. On January 13, 2021, the Court denied the First Motion as moot.[1] Dkt. 29. On January 21, 2021, Defendants filed the Second Motion for More Definite Statement (hereinafter "Motion"). Dkt. 30. On February 1, 2021, Plaintiff filed a response. Dkt. 31. On February 5, 2021, Defendants filed a Reply. Dkt. 32.

On February 19, 2021, Plaintiff filed a second "Response" which the Court construes as surreply. Dkt. 33. Pursuant to Local Rule CR 7(g)(2), surreplies are limited to requests to strike material contained in or attached to a reply brief. "Extraneous argument or a surreply filed for any other reason will not be considered." *Id*; *see also Herrnandez v. Stryker Corp.*, 2015 WL 11714363, at *2 (W.D. Wash. Mar. 13, 2015). Plaintiff does not request to strike material contained in Defendants' Reply; rather, Plaintiff provides additional argument. *See* Dkt. 33. Therefore, the Court directs the Clerk to strike Plaintiff's Surreply (Dkt. 33). The Court will not consider docket entry 33 in ruling on the Motion.

---

[1] In his Response, Plaintiff argues the Motion is barred by collateral estoppel. Dkt. 31. However, the First Motion was filed in response to the Original Complaint, which has been superseded by the Amended Complaint. As a result, the merits of the First Motion were not considered, and the First Motion was denied as moot. *See* Dkt. 23, 24, 29. In addition, Plaintiff moves for a directed verdict. *See* Dkt. 31. At this stage of litigation, Plaintiff's request is premature. *See* Fed. R. Civ. P. 50(a)(1) (judgment as a matter of law is proper when "a party has been fully heard on an issue during a jury trial, and a court finds that a reasonable jury would not have a legally sufficient evidentiary bases to find for the party on that issue . . . .").

1    In the Amended Complaint, Plaintiff generally contends Defendants violated his

2    constitutional rights by: (1) denying Plaintiff access to the courts, specifically the right to buy a

3    printer and receiving necessary legal supplies; (2) retaliated against Plaintiff; and (3) violated

4    Plaintiff's equal protection rights. Dkt. 24.

5                                           **Discussion**

6            *1.   More Definite Statement*

7            In their Motion, Defendants request the Court direct Plaintiff to: (1) causally connect

8    Defendants to the alleged constitutional violations; (2) clearly allege the allegations; and (3)

9    remove exhibits from any amended complaint. Dkt. 30.

10           Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain

11   statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a

12   pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(e).  If a pleading is so vague

13   or ambiguous a defendant "cannot reasonably be required to frame a responsive pleading, the

14   party may move for a more definite statement."  Fed. R. Civ. P. 12(e).  "If a pleading fails to

15   specify the allegations in a manner that provides sufficient notice, a defendant can move for a

16   more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534

17   U.S. 506, 514 (2002).  Defendants are required to "point out the defects complained of and the

18   details desired."  Fed. R. Civ. P. 12(e).

19           Here, although the Court agrees that portions of the Amended Complaint are redundant

20   and somewhat inelegantly pleaded, the nature of the claims asserted by Plaintiff is

21   understandable and unambiguous.  The Court does not find the Amended Complaint to be

22   unintelligible or so vague that Defendants cannot begin to frame a response. Plaintiff need only

23   provide a short, plain statement explaining the cause of action, *see* Fed. R. Civ. P. 8, and Plaintiff

24

1   has put Defendants on notice of the legal claims asserted against them. *See Bureerong v.*

2   *Uvawas,* 922 F.Supp. 1450, 1461 (C.D. Cal. 1996) (A motion for a more definite statement must

3   be considered in light of the liberal pleading standards of Rule 8(a).). Therefore, the Court finds

4   justice is not served by requiring Plaintiff to file a more definite statement.

5   Defendants also move to remove and/or strike exhibits attached to Plaintiff's Amended

6   Complaint as impermissible, redundant, and immaterial. Dkt. 30.

7   The exhibits attached to the Amended Complaint are emails, Plaintiff's affidavit,

8   grievances/letters, and discovery related materials in Plaintiff's state court case. Dkt. 24.

9   Defendants first argue all exhibits are impermissible under Rule 10(c) which permits a plaintiff

10  to attach written instruments to a complaint as exhibits. *See* Fed. R. Civ. P. 10(c). Defendants

11  argue the exhibits are not legal documents which evidence legal rights or duties and are not

12  exhibits which Rule 10 intended to incorporate into complaints and should be removed. Dkt. 30

13  at 5.

14  As noted above, the Court finds justice is not served by requiring Plaintiff to file a more

15  definite statement. Thus, without a pending motion to dismiss or other dispositive motion,

16  whether the exhibits attached to the Amended Complaint are a part thereof pursuant to Rule

17  10(c) and should be considered in determining whether dismissal is proper is premature at this

18  stage of litigation. Rather, this argument is more appropriate at a later stage in the proceedings, at

19  which time the Court would make a determination on incorporation or the admissibility, or lack

20  thereof, of the attached exhibits as they may relate to a motion to dismiss or other dispositive

21  motion. *See e.g. Thaut v. Hsieh,* 2016 WL 3058235, at *9 (E.D. Cal. May 31, 2016), *report and*

22  *recommendation adopted,* 2016 WL 10672012 (E.D. Cal. Aug. 11, 2016), *aff'd sub nom.*

23  *Edwards v. Hsieh,* 745 F. App'x 6 (9th Cir. 2018) (as a part of a motion to dismiss, the court

24

1   granted a request to disregard and strike declaration filed in support of the complaint); *DeMarco*

2   *v. DepoTech Corp.,* 149 F. Supp. 2d 1212, 1215 (S.D. Cal. 2001) (considering a request to strike

3   pursuant to Rule 10(c) in relation to a motion to dismiss).  Therefore, Defendants' request to

4   remove the exhibits pursuant to Rule 10(c) is denied without prejudice with a right to renew at a

5   later stage of litigation.[2]

6         Next, Defendants argue all exhibits are immaterial, but Exhibits 9, 11, 12, 13, 14, and 15

7   are "especially problematic as they are immaterial to the alleged constitutional violations." Dkt.

8   30 at 5. Defendants argue these exhibits deal largely with the scheduling of appointments to

9   conduct depositions and add no evidentiary value to the case. *Id.*

10        Federal Rule of Civil Procedure 12(f) permits a court to strike from any pleading "any

11  redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f); *Fantasy, Inc. v.*

12  *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994). A

13  matter is immaterial if it has no essential or important relationship to the claim for relief or

14  defenses pled, and a matter is impertinent if it does not pertain to, and is unnecessary to, the

15  issue(s) in question. *Fantasy, Inc.*, 984 F.2d at 1527.  Motions to strike are disfavored because

16  they are often dilatory and because of the limited importance of pleadings in federal practice.

17  *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. March 19, 2015); *see also*

18  *Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1038 (S.D. Cal. July 6, 2017). A motion to strike

19  should not be granted unless the matter to be stricken clearly has no possible bearing on the

20  litigation's subject matter. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D.

21  Cal. March 13, 1991). Lastly, as with a motion to dismiss, a motion to strike must be viewed in

22

23

24       [2] At this time, the Court makes no determination on the admissibility, or lack thereof, of the attached
    exhibits or the incorporation of any exhibits as they may relate to a motion to dismiss or other dispositive motion.

1 the light most favorable to the non-moving party and any doubt regarding the import of the

2 allegations weighs in favor of denying a motion to strike. *In re 2TheMart.com, Inc. Securities*

3 *Litigation*, 114 F. Supp. 2d 955, 965 (C.D. Cal. July 17, 2000).

4       As a *pro se* litigant, Plaintiff's Amended Complaint must be construed liberally, and the

5 Court must draw reasonable inferences in Plaintiff's favor. *See McKinney v. DeBord*, 507 F.2d

6 501, 504 (9th Cir. 1974). In doing so, the Court finds the exhibits, as a whole, provide context

7 and background and historical information on the incidents alleged in Plaintiff's Amended

8 Complaint. Specifically, Exhibits 9, 11, 12, 13, 14, and 15 provide context for Plaintiff's access

9 to the courts claim. Therefore, the Court cannot find that there is no possibility the exhibits are

10 relevant to the subject matter of the litigation. *Martel v. Cadjew*, 2011 WL 4386209, *2-4 (E.D.

11 Cal. Sept. 20, 2011) (denying a motion to strike statements the defendants characterized as

12 "superfluous historical allegations" because allegations "provide[d] a context for plaintiff's

13 lawsuit and reflect[ed] on defendants' knowledge and awareness"); *LeDuc v. Kentucky Cent. Life*

14 *Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) ("Where allegations, when read with the

15 complaint as a whole, give a full understanding thereof, they need not be stricken."). Therefore,

16 the exhibits should not be stricken unless they are unduly prejudicial to the moving party.

17 *Johnson v. U.S. Bancorp,* 2012 WL 6615507, at *7 (W.D. Wash. Dec. 18, 2012) (citing *In re*

18 *UTStarcom, Inc. Sec. Litig.,* 617 F.Supp.2d 964, 969 (N.D.Cal.2009) (citations omitted)).

19       Here, Defendants have not demonstrated how, or if, they will be prejudiced by these

20 exhibits. Rather, the exhibits appear to clarify, rather delay or confuse the issues. *See S.E.C. v.*

21 *Sands,* 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) (defining prejudice as allegations that cause

22 delay or confusion of the issues) (citing *Fantasy, Inc.*, 984 F.2d at 1528).  Accordingly, the Court

23 denies Defendants' request to strike the exhibits at this time because it is not clear the exhibits

24

are so irrelevant as to have "no possible bearing on the subject matter of the litigation" and are not unduly prejudicial to Defendants. *Colaprico,* 758 F. Supp. at 1339.

    2. *Appointment of Counsel*

    In his Response, Plaintiff also moves for the appointment of counsel. Dkt. 31. The Court advises Plaintiff that he must generally file a separate motion in seeking such relief and a responsive brief is not the appropriate time to raise new issues or claims. For example, a separate document must be filed for a response and a motion rather than a response and motion in one document. However, in the interests of justice and because Defendants responded to Plaintiff's argument in their Reply, the Court will consider Plaintiff's request for counsel.

    No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency,* 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland,* 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America,* 390 F.3d 1101, 1103 (9th Cir. 2004).

1        Plaintiff alleges Defendants falsified Plaintiff's criminal history and have further falsified

2   documents to keep him housed at SCC for 12 years.[3] Dkt. 31 at 6. Plaintiff alleges he is being

3   harassed via the legal mail process and his printer has been confiscated. Dkt. 31 at 7. At this

4   time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law.

5   Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability

6   to articulate the factual basis of his claims in a fashion understandable to the Court. Therefore,

7   the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time.

8   Accordingly, Plaintiff's request for the appointment of counsel (Dkt. 31) is denied without

9   prejudice.

10   <u>**Conclusion**</u>

11        In conclusion, the Court finds justice is not served by requiring Plaintiff to file a more

12   definite statement or by striking the exhibits attached to the Amended Complaint. Thus,

13   Defendants' Motion is denied. Defendants' responsive pleading is due within thirty days of the

14   entry of this Order.  Plaintiff's request for the appointment of counsel is denied without

15   prejudice.

16        Dated this 24th day of February, 2021.

17

18                                  _David W. Christel_

19                                  David W. Christel
                               United States Magistrate Judge

20

21

22

---

23       [3] To the extent Plaintiff seeks to allege new claims related to his civil commitment, he must file a separate
civil lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints); *see also* Fed. R. Civ.

24   P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are
satisfied).