UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT LOUGH,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

    Defendants.

CASE NO. 3:20-CV-5894-JCC-DWC

ORDER ON MOTION TO COMPEL

Plaintiff Robert Lough, proceeding *pro se* and *in forma pauperis*, initiated this civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. 1, 10. Currently before the Court are Plaintiff's Motion to Compel Discovery from the Defendants and Defendants' Response to Plaintiff's Motion to Compel Discovery, Demand for Attorney Fees Pursuant to F.R.C.P. 37, and Motion for a Protective Order Regarding Discovery. Dkt. 39, 40. After consideration of the record and the Motions, the Motions (Dkt. 39, 40) are denied.

**I.     Motion to Compel (Dkt. 39)**

On May 17, 2021, Plaintiff filed the Motion to Compel, wherein Plaintiff requests the production of documents. Dkt. 39. A party may obtain discovery regarding any nonprivileged

information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1). If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *Id*.

In the Motion to Compel, Plaintiff requests the Court compel Defendants to provide documents related to Defendants and related to technology equipment and policies at the Special Commitment Center. Dkt. 39. It does not appear Plaintiff properly severed the discovery request on Defendants and now simply seeks to have the requested discovery produced. *See* Dkt. 39, 40, 41 at p. 3 ("Plaintiff is simply requesting discovery from the Defendants[.]").

Plaintiff failed to provide a certification that he conferred with Defendants' counsel regarding this discovery dispute. *See* Dkt. 39. He has also failed to attach any documentation showing he requested a meet and confer with Defendants' counsel. *See id*. Therefore, the Court

finds Plaintiff has failed to certify he conferred or attempted to confer with Defendants' counsel regarding the requested discovery prior to filing the Motion to Compel.

To the extent Plaintiff is attempting to serve a discovery request on Defendants through the Court, this request is improper. Under Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request . . . to produce[.]" Plaintiff may not serve discovery requests through the Court. See Local Civil Rule ("LCR") 5 ("discovery requests and responses must not be filed until they are used in the proceedings or the court orders filing"). Plaintiff must mail proper discovery requests to Defendants' counsel.[1]

For the above stated reasons, Plaintiff's Motion to Compel (Dkt. 39) is denied. The Court, however, directs the Clerk to provide Plaintiff with a signed, blank subpoena.

**II.     Motion to Stay (Dkt. 40)**

In their Response to the Motion to Compel, Defendants move to stay discovery until the issue of qualified immunity is decided. Dkt. 40. Defendants raised qualified immunity in their Answer and state that they are currently drafting a 12(c) motion that will address the issue of qualified immunity. *See id*. at pp. 4-5.

The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013)

---

[1] Federal Rule of Civil Procedure 45(a)(3) provides that: "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Any person over the age of 18 and not a party may serve a subpoena but the party responsible for serving the subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. *See* Fed. R. Civ. P. 45(b) and (d).

(permitting a stay of discovery where a pending dispositive motion is (1) "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery).

Here, Defendants have not filed a dispositive motion. As there is no dispositive motion pending before the Court, Defendants have not shown a stay of discovery is warranted at this time. Accordingly, the Motion to Stay (Dkt. 40) is denied without prejudice.

### III. Request for Attorney's Fees

Defendants' counsel requests attorney's fees for responding to the Motion to Compel. Dkt. 40. Plaintiff has filed several lawsuits in this Court and has been provided with information about serving subpoenas in a previous action. *See Lough v. Talbot*, Case No. 3:19-CV-5280-RBL-DWC. However, the information regarding serving subpoenas was in a footnote. *See id.* at Dkt. 36. Plaintiff is also a civil detainee and indigent. Therefore, at this time, the Court declines to award attorney's fees to defense counsel.

The Court warns Plaintiff that a failure to follow the Federal Rules of Civil Procedure, the Local Civil Rules, or this Court's orders may result in sanctions, including payment of Defendants' counsel's fees.

### IV. Conclusion

For the above stated reasons, Plaintiff's Motion to Compel (Dkt. 39) and Defendants' request to stay and demand for attorney's fees (Dkt. 40) are denied. The Clerk is directed to issue a signed, blank subpoena and send it to Plaintiff.

Dated this 10th day of June, 2021.

David W. Christel
United States Magistrate Judge