UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT LOUGH,

        Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

        Defendant.

CASE NO. 3:20-CV-5894-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: August 20, 2021

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action in August 2020. *See* Dkt. 1, 10, 24. Currently before the Court is Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint. Dkt. 44.

BACKGROUND

Plaintiff is civilly committed at the Washington State Special Commitment Center (SCC). In his Amended Complaint he alleges Defendants violated his constitutional rights by: (1) denying Plaintiff the right to take possession of a Xerox Phaser 3330 they permitted him to purchase; (2)

REPORT AND RECOMMENDATION - 1

retaliating against him for complaining about Defendants' refusal to give Plaintiff his printer; and, (3) violating Plaintiff's equal protection rights, among others, because other SCC residents were permitted to possess the same Xerox Phaser 3330 printer. Dkt. 24.

On June 11, 2021, Defendants filed the pending Motion to Dismiss claims one and two for failure to state a claim upon which relief can be granted. Dkt. 44. Plaintiff timely responded (Dkt. 47), and Defendants timely replied (Dkt. 49).

On July 16, 2021, Plaintiff also filed a Motion for Extension of Time to File Response to Defendants' Reply." Dkt. 50. The Court construes this to be a Notice of Intent to File a Surreply pursuant to Local Civil Rule (LCR) 7(g)(1). Then, on July 21, 2021, Plaintiff filed "Plaintiff's Response to Defendant's Reply Dated July 8, 2021, to Plaintiff's Response to Defendant's Motion to Partially Dismiss," which the clerk docketed as a Proposed Surreply. Dkt. 52. Because Plaintiff's Proposed Surreply does not conform to LCR 7(g)(2),[1] the Court will not consider it in ruling on the pending motion. Plaintiff's Motion for Extension of Time (Dkt. 50) is denied as moot, and the Court directs the clerk to strike Plaintiff's Proposed Surreply (Dkt. 52).

## STANDARD

Defendants move for dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(c). Dkt. 44. A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion are

---

[1] LCR 7(g)(2) requires surreplies to be filed "within five days of the filing of a reply brief," and strictly limits them to requesting that the Court strike material contained in or attached to a reply brief. "Extraneous argument or a surreply filed for any other reason will not be considered." *Id*; *see also Herrnandez v. Stryker Corp.*, 2015 WL 11714363, at *2 (W.D. Wash. Mar. 13, 2015). Moreover, a surreply "shall not exceed three pages."

REPORT AND RECOMMENDATION - 2

functionally identical, the motion to dismiss standard applies to Rule 12(c) motions. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

A motion to dismiss can be granted only if the plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Id*. at 471.

## DISCUSSION

According to Defendants, Plaintiff's first two clams for relief fail to allege violations of rights protected by the Constitution, and fail to explain how each named Defendant allegedly violated Plaintiff's rights. Dkt. 44 at 6. Defendants do not move to dismiss Plaintiff's third claim at this time.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

I. Claim One

Plaintiff's first claim for relief states:

> The actions of Defendants as alleged in paragraphs 5.1-5.31 constitute restrictions on Plaintiff's right to buy a printer and receiving (sic) necessary legal supplies. The act of denying Plaintiff necessary legal supplies is in violation of the rights, privileges, and immunities guaranteed by the First, Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

Dkt. 24 at 14.

Defendants argue denial of a particular printer is insufficient to show denial of access to the courts. Dkt. 44 at 4-5.[2] Plaintiff responds that this claim does not allege denial of access to

---

[2] Defendants also interpret Plaintiff to allege that the "legal computers" being turned off has contributed to denying him access to the courts. Dkt. 44 at 5. However, Plaintiff points out that he only mentions the legal

REPORT AND RECOMMENDATION - 4

the courts, but concedes that denial of the "Xerox Phaser 3330" printer has resulted in denial of "meaningful" access to the courts because Plaintiff cannot respond "to various appeals in other courts due to the volume of hard copies necessary to respond properly." Dkt. 47 at 4.

Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Traditionally, courts have "differentiated between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (emphasis in original), overruled on other grounds as stated by *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).[3]

In addition to showing prison officials violated his right to access courts, a prisoner must show actual injury resulting from the denial of access. *Lewis*, 518 U.S. at 349-56 (1996). To establish actual injury, a plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 549) ("[a]ctual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived").

---

computers when "describing how the Defendants had moved him to the segregation unit…" thereby multiplying the hardships he has endured, but not because this has actively interfered with his access to the courts. Dkt. 47 at 10-11.

[3] The right to assistance imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Bounds*, 430 U.S. at 828. The right to assistance applies "only during the pleading stage of a habeas or civil rights action." *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995); *see also Silva*, 658 F.3d at 1102 (citing *Lewis v. Casey*, 518 U.S. 343, 355, 384 (1996)). By contrast, a prisoner's right to litigate without active interference applies "beyond the pleading stages" of a case and to all "claims that have a reasonable basis in law or fact." *Silva*, 658 F.3d at 1103 (citations and internal quotations omitted). This right prohibits prison officials from erecting barriers which "impede the right of access of incarcerated persons." *Id.* at 1102-03 (citations and internal quotations omitted).

1    The right of access to the courts is limited to non-frivolous direct criminal appeals,
2  habeas corpus proceedings, and Section 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55.
3  "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to
4  courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (quoting *Lewis*, 518
5  U.S. at 353 & n. 4).
6    In his response Plaintiff alleges Defendants' interference with his ability to obtain the
7  Xerox Phaser 3330 printer has caused him actual injury insofar as he has been unable to meet
8  filing deadlines in his "commitment appeals and his other complaints have lapsed [because he]
9  was unable to print out all of the responses when necessary…". Dkt. 47 at 6. Appealing his civil
10 commitment is not one of the types of non-frivolous legal claims upon which an allegation of
11 actual injury will stand, and Plaintiff has not provided enough detail regarding the "other
12 complaints" to permit the Court to determine if they qualify as non-frivolous legal claims.[4]
13 Consequently, the Court recommends Defendants' motion to dismiss claim one be granted, and
14 Plaintiff be permitted one final opportunity to amend his complaint to correct this deficiency, if
15 possible. *See Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987)(pro se litigations in civil
16 rights cases "must have an opportunity to amend the complaint to overcome deficiencies unless it
17 is clear that they cannot be overcome by amendment.").
18 ///
19 ///
20 ///
21

---

[4] Plaintiff's Amended Complaint references "cause numbers 71859-2-I, 73223-4-I, 77751-3-I 3:19-cv-05280-RCL-DWC (Religious: Denial of Native American Frybread and Tobacco); 19-2-09328-1 (Wages)". Dkt. 47 at 5. The Court was able to locate Case 3:19-cv-05280-RBL on its docket, and notes Plaintiff made many filing in that case, including responses to the motion for summary judgment that was ultimately granted in favor of the defendants. Thus, the lack of the desired printer did not appear to cause Plaintiff harm in that case.

II.   Claim Two

According to Defendants, Plaintiff's second claim for relief fails because Plaintiff admits he was moved to segregation for a legitimate state interest, not as retaliation for exercising his First Amendment rights. Dkt. 44 at 11.

To prevail on a retaliation claim, a plaintiff must allege and prove the defendants retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez,* 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under 42 U.S.C. § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1983).

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). "[M]ere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy,* 753 F.3d 899, 905 (9th Cir. 2014) (citations omitted).

Plaintiff's second claim for relief states,

> The actions of Defendants as alleged in [paragraphs] 5.1-5.31 constitutes (sic) retaliation for Plaintiff's (sic) being a pro se litigant against SCC, writing grievances, requesting help from his attorney, requesting help from the Constituent Services Manager, and requesting help from the Ombudsman for SCC, to intervene and inquire as to why Defendants would deny Plaintiff's printer and other necessary legal supplies, which is in violation of the rights, privileges, and immunities guaranteed by the First, Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

REPORT AND RECOMMENDATION - 7

Dkt. 24 at 15. This language, including the alleged facts in the paragraphs incorporated by reference, clearly alleges all five *Rhodes* elements, including that the action did not advance a legitimate correctional goal. Specifically, paragraph 5.14 states that when Plaintiff asked why he was being sent to segregation:

> Mr. Shirley said, "that RRC2 Damian Lowe told him that Plaintiff was exhibiting 'aggressive behavior towards staff and other residents' by denying them access to the day room TV." Plaintiff told Mr. Shirley that he had P.T.S.D., and *never once in 11 years of incarceration at SCC had Plaintiff ever sat in the day room to watch T.V.* Plaintiff could never sit still while other people were walking behind him. Plaintiff then asked for the paperwork that would substantiate this bold face [sic] lie and *was told there was no paperwork*, just that he was to move to the Segregation Unit immediately.

Dkt. 24 at 9-10 (emphasis added). This is not an admission that Defendant was moved to segregation for "bad behavior" as Defendants contend, it is a denial that any "bad behavior" occurred. As such, Plaintiff is alleging that Defendants could not have had a legitimate correctional goal in mind. At this stage in the case the Court views all allegations in the non-moving party's pleadings as true. *See Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). Accordingly, Defendants' motion to dismiss claim two should be denied.

### III. Claim Three

Defendants acknowledge that Plaintiff "has plead sufficient facts for an equal protection claim" and therefore do not move to dismiss it. Dkt. 44 at 6. Still, Defendants argue that Plaintiff has failed to allege facts showing how the Defendants Candella, Hunt, Sacha, Eagle, and Flynn caused, or personally participated in causing, any harm to Plaintiff and therefore move to dismiss these individuals from this case. *See* Dkt. 44 at 6-9. For the reasons that follow the Court finds that even if Defendants could prevail in their motion to dismiss Plaintiff's first two claims, by

their own admission claim three would nevertheless preclude dismissal of these defendants at the pleading stage.

Plaintiff's third claim for relief alleges a violation of his right to Equal Protection,[5] among other rights, stating:

> The actions of Defendants as alleged in paragraphs 5.1-5.31 constitutes (sic) treating Plaintiff differently from other residents who are similarly situated and have been approved to purchase this very same Xerox Phaser 3330 Printer and other legal supplies, and being purchased by their attorneys, too. Defendants excuses and actions were unreasonable and unwarranted as Plaintiff cannot continue to be a pro se litigant in appealing his being detained (sic) indefinitely here at SCC. In addition, the denial by Defendants of Plaintiff's initial attempts to purchase his printer, and then once it was paid for and issued to Plaintiff, taken from him, could be seen as harassment as Plaintiff had complained of their actions before. Defendants actions are in violation of Plaintiff's right to Due Process, Meaningful Access to This Court, and Equal Protection guaranteed by the First, Fourth, Sixth, Eighth, and the Fourteenth Amendments of the United States Constitution.

Dkt. 24 at 15.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

---

[5] The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (citation omitted). To bring a successful equal protection claim, a plaintiff must show differential treatment from a similarly situated class. *See Washington v. Davis*, 426 U.S. 229, 239 (1976). For this differential treatment to give rise to a claim under § 1983, "one must show intentional or purposeful discrimination." *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination").

REPORT AND RECOMMENDATION - 9

1  defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S.
2  378, 385-90 (1989).

3      a. Shawn Candella

4  Plaintiff mentions Defendant Shawn Candella once in his Amended Complaint in
5  paragraph 5.25, alleging he abused his authority by facilitating the purchase of a Lexmark printer
6  in exchange for the Xerox Phaser 3330 printer Plaintiff's originally purchased. Dkt. No. 24 at 13.
7  Since Plaintiff's equal protection violation is premised upon refusal of the Xerox Phaser 3330
8  printer, and Plaintiff plainly alleges Shawn Candella personally participated in refusing it,
9  Plaintiff has sufficiently alleged facts showing Shawn Candella personally participated in
10 causing the harm alleged as required under *Arnold,* 637 F.2d at 1355.

11     b. Robert Hunt

12 In paragraph 5.10 of his Amended Complaint Plaintiff alleges Robert Hunt was the
13 grievance investigator at SCC, and responded to Plaintiff's grievance about his attorney not
14 being permitted to purchase the printer he wanted by stating, "It was revealed that the printer was
15 approved at one point in time but is no longer an approved item. Your grievance is denied." Dkt.
16 24 at 9. Since Plaintiff's equal protection violation is premised upon refusal of the Xerox Phaser
17 3330 printer, and Plaintiff plainly alleges Robert Hunt personally participated in denying
18 Plaintiff's grievance about this refusal, Plaintiff has sufficiently alleged facts showing Robert
19 Hunt personally participated in causing the harm alleged as required under *Arnold,* 637 F.2d at
20 1355.

21     c. Heather Sacha

22 Plaintiff alleges in paragraphs 5.16-5.18 of his Amended Complaint that Heather Sacha
23 was part of a committee that approved his request to purchase the Xerox Phaser 3330 printer, and
24

it was her job to remove its Wi-Fi capabilities before permitting Plaintiff to take possession of it. Dkt. 24 at 10. However, according to Plaintiff, after holding it for 10 days, Heather Sacha returned the printer to the mail room and left instructions for Plaintiff to purchase a printer without Wi-Fi because disabling the Wi-Fi on the Xerox Phaser 3330 was too time consuming. *Id*. Since Plaintiff's equal protection violation is premised upon refusal of the Xerox Phaser 3330 printer, and Plaintiff plainly alleges Heather Sacha personally participated in causing it to be refused, Plaintiff has sufficiently alleged facts showing Heather Sacha personally participated in causing the harm alleged as required under *Arnold,* 637 F.2d at 1355.

      d.  <u>Bryon Eagle</u>

Plaintiff alleges in paragraph 5.8 that Bryon Eagle was part of a committee that approved his request to purchase the printer in question. Dkt. 24 at 8-9. However, in paragraph 5.21 Plaintiff alleges that Bryon Eagle later "changed his mind about allowing Plaintiff [to have] his Xerox Phaser 3330 printer," and instead instructed that "CEO David Flynn had decided to purchase a Lexmark printer out of the SCC I.T. catalog for Plaintiff instead." Dkt. 24 at 11. Since Plaintiff's equal protection violation is premised upon refusal of the Xerox Phaser 3330 printer, and Plaintiff plainly alleges Bryon Eagle personally participated in causing it to be refused, Plaintiff has sufficiently alleged facts showing Bryon Eagle personally participated in causing the harm alleged as required under *Arnold,* 637 F.2d at 1355.

      e.  <u>David Flynn</u>

In paragraph 5.23 Plaintiff alleges David Flynn abused his authority by "facilitating the purchase of an entirely different printer of lesser quality for Plaintiff instead of simply giving Plaintiff his original printer still sitting in the mail room that was already approved for and purchased by Plaintiff." Dkt. 24 at 12. Since Plaintiff's equal protection violation is premised

REPORT AND RECOMMENDATION - 11

upon refusal of the Xerox Phaser 3330 printer, and Plaintiff plainly alleges David Flynn personally participated in causing it to be refused, Plaintiff has sufficiently alleged facts showing David Flynn personally participated in causing the harm alleged as required under *Arnold,* 637 F.2d at 1355.

In sum, the Court finds Plaintiff has sufficiently alleged facts showing these Defendants personally participated in denying his right to Equal Protection, therefore they should not be dismissed from this case.

IV.   Qualified Immunity

Plaintiff names the Washington State Department of Social and Health Services, and the Washington State Special Commitment Center as defendants in this case. Neither are legal entitles capable of being sued under 42 U.S.C. § 1983. Rather, the State of Washington is the proper Defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). However, Defendants move to dismiss the State of Washington from this case, on the basis that it has not waived its Eleventh Amendment immunity from suit in federal court. Dkt. 44 at 9; *see Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State"). Finding no evidence to the contrary, this Court recommends the State of Washington, improperly named as the Washington State Department of Social and Health Services and the Washington State Special Commitment Center, be dismissed from this case.

Separately, Defendants move to dismiss Shawn Candella, Robert Hunt, Heather Sacha, Bryon Eagle, and David Flynn from this case on the additional basis (*see supra*) that they, too, are entitled to qualified immunity. Dkt. 44 at 10; Dkt. 44-1 at 2.

"[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (citations omitted). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "In determining whether an officer is entitled to qualified immunity, we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (citing *Pearson*, 555 U.S. at 232). A court may address the steps of the qualified immunity analysis in whichever order it finds most expedient. *Pearson*, 555 U.S. at 236.

The record before this Court is not sufficiently developed to determine whether these individually named Defendants could reasonably have thought their actions were consistent with the rights they are alleged to have violated. Therefore, the Court reserves judgment on this question until such time as probative evidence may be presented.

## CONCLUSION

Plaintiff's "Motion for Extension of Time to File Response to Defendants' Reply" (Dkt. 50) is DENIED as moot, and the Court directs the Clerk to strike Plaintiff's Proposed Surreply (Dkt. 52).

The Court recommends that Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 44) be GRANTED in part and DENIED in part, and that Plaintiff be permitted to file an Amended Complaint amending claim one, only. The Court also recommends that the State of Washington be dismissed from this case.

1  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2  fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P.
3  6. Failure to file objections will result in a waiver of those objections for purposes of de novo
4  review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
5  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
6  August 20, 2021, as noted in the caption.

7  Dated this 4th day of August, 2021.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14