UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT LOUGH,

        Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,

        Defendant.

CASE NO. 3:20-CV-5894-JCC-DWC

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. *See* Dkt. 1, 10. Currently before the Court is Defendants' Motion for a Protective Order and to Stay Discovery, and for Attorney Fees. Dkt. 53.

BACKGROUND

On June 10, 2021, this Court denied Plaintiff's Motion to Compel Discovery and Defendants' Request to Stay and for Attorney Fees (Dkt. 43). The Court found that Plaintiff had not properly served his discovery requests on Defendants, had failed to meet and confer with

ORDER - 1

Defendants' counsel prior to filing his motion to compel discovery, and had failed to certify he conferred or attempted to confer with Defendants' counsel. The Court stated:

> To the extent Plaintiff is attempting to serve a discovery request on Defendants through the Court, this request is improper. Under Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request . . . to produce[.]" Plaintiff may not serve discovery requests through the Court. *See* Local Civil Rule ("LCR") 5 ("discovery requests and responses must not be filed until they are used in the proceedings or the court orders filing"). Plaintiff must mail proper discovery requests to Defendants' counsel.

Dkt. 43 at 3. The Court directed the Clerk to provide Plaintiff with a signed, blank subpoena. *Id*.

Plaintiff appears to have sent the subpoena to Defendants, though he also improperly filed it on the docket. Dkt. 46. In any event, Defendants also improperly filed their objections with the Court (Dkt. 48) before filing the pending motion (Dkt. 53). Plaintiff then filed a "response" to Defendants objections, purporting to "modify" the disputed discovery request with a "new" Subpoena Deuces Tecum contained in the body "response." Dkt. 55 at 4-5.

Meanwhile, on August 3, 2021, Defendants filed the pending motion (Dkt. 53), seeking an order limiting discovery "to three years prior to the filing of this action," staying discovery until the issue of qualified immunity has been decided, and requesting attorney fees for the "the time spent trying to confer with [Plaintiff] and the time spent drafting this motion." Dkt. 53 at 3.

On August 9, 2021, Plaintiff filed two "responses". *See* Dkt. 56, 57. First, his "Response and Objections … to Defendant's First Set of Interrogatories and Request for Production" asks the Court to order Defendants to refile their interrogatories and return his printer. Dkt. 56. Next, Plaintiff's "Response … to 53 Motion for Protective Order to Stay Plaintiffs Discovery, and for Attorneys Fees," asks this Court to deny Defendants' pending motion, and insists that Plaintiff did not refuse to meet and confer with Defendants' counsel on July 20, 2021, regarding their

ORDER - 2

discovery dispute because he never agreed to meet at that time to begin with as he had other plans related to preparing for a religious ceremony. Dkt. 57 at 2-3.

Finally, on August 13, 2021, Defendants filed a reply, further adding to the confusion by stating:

> Pending before this Court is Defendants' Objection to Plaintiff's Subpoena Duces Tecum (Dkt. No. 48), Defendants' Motion for a Protective Order (Dkt. No. 53), and Plaintiff's Objection to Defendants' Interrogatories (Dkt. No. 56).

Dkt. 59 at 2. Again, Defendants' should not have filed their objection on the docket just as Plaintiff should not have filed his subpoena or his objections to Defendants' interrogatories with this Court. Objections are not motions. The only motion pending before this Court is Defendants' Motion for a Protective Order and to Stay Discovery, and for Attorney Fees. Dkt. 53.

## STANDARD

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37.

Pursuant to Fed. R. Civ. P. 37(a)(1):

> . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1). If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *Id*.

## DISCUSSION

On August 4, 2021, this Court issued a Report and Recommendation finding, *inter alia*, that the record is not sufficiently developed to determine whether the individually named Defendants in this case are entitled to qualified immunity. Dkt. 54 at 13. Therefore, Defendants' motion to stay discovery pending resolution of that question is denied without prejudice.

The Court declines to reach the merits of the discovery dispute between the parties because the Court finds that neither party has, in good faith, attempted to meet and confer.

The current discovery deadline in this case is September 1, 2021, and the deadline for filing motions to compel discovery is currently September 15, 2021. Dkt. 36. Accordingly, the Court orders the parties to find a mutually agreeable date prior to September 1, 2021, and attempt in good faith to resolve their discovery disputes without the Court's intervention. Given Plaintiff's indication that he is willing to narrow his requests (*see* Dkt. 55) the Court remains hopeful the parties can reach an agreeable resolution. However, should they remain at an impasse, the parties have until September 15, 2021 to file a final motion to compel that strictly complies with LCR 37(a)[1]. Any deviation from the requirements set forth in LCR 37(a) will

---

[1] "LCR 37 (a) Motion for Order Compelling Disclosure or Discovery," states in relevant part:

(1) Meet and Confer Requirement. Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or

ORDER - 4

person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules.

(2) Expedited Joint Motion Procedure. A motion for an order compelling disclosure or discovery may be filed and noted in the manner prescribed in LCR 7(d)(3). Alternatively, the parties may, by agreement, utilize the expedited procedure set forth in this subsection. If the parties utilize this procedure, the motion may be noted for consideration for the day the motion is filed. After the parties have conferred, a party may submit any unresolved discovery dispute to the court through the following procedure:

(A) The moving party shall be responsible for preparing and filing a joint LCR 37 submission to the court. An example of an LCR 37 submission is attached as Appendix B.

(B) The moving party may draft an introductory statement, setting forth the context in which the dispute arose and the relief requested. Each disputed discovery request and the opposing party's objection/response thereto shall be set forth in the submission. Immediately below that, the moving party shall describe its position and the legal authority which supports the requested relief.

The moving party shall provide the opposing party with a draft of the LCR 37 submission and shall also make the submission available in computer-readable format.

(C) Within seven days of receipt of the LCR 37 submission from the moving party, the opposing party shall serve a rebuttal to the moving party's position for each of the disputed discovery requests identified in the motion. The opposing party may also include its own introductory statement. The opposing party's rebuttal for each disputed discovery request shall be made in the same document and immediately following the moving party's statement in support of the relief requested. If the opposing party no longer objects to the relief requested, it shall so state and respond as requested within seven days from the date the party received the draft LCR 37 submission. If the opposing party fails to respond, the moving party may file the LCR 37 submission with the court and state that no response was received.

(D) Within four days of receipt of the LCR 37 submission from the opposing party, the moving party will either add its reply and file the joint submission with the court, or notify the opposing party that it no longer intends to move for the requested relief. The moving party's reply, if any, in support of a disputed discovery request shall follow the opposing party's rebuttal for such request in the joint submission and shall not exceed one half page for each reply.

(E) The total text that each side may contribute to a joint LCR 37 submission shall not exceed twelve pages. This limit shall include all introductory or position statements, and statements in support of, or in opposition to, a particular request, but shall not include the discovery request itself.

(F) Each party may submit declarations for the purpose of attaching documents to be considered in connection with the submission and to provide sufficient information to permit the court to assess expenses and sanctions, if appropriate. If a party fails to include information sufficient to justify an award of fees, it shall be presumed that any request for fees has been waived. A declaration shall not contain any argument.

(G) The moving party shall prepare a proposed order that identifies each of the discovery requests at issue, with space following each of the requests for the court's decision. This proposed order shall be attached as a Word or Word Perfect compatible file to an e-mail sent to the e-mail orders address of the assigned judge pursuant to the court's Electronic Filing Procedures.

result in the motion being dismissed without comment, and this case being dismissed or default judgment being granted, and/or other appropriate sanctions.

## CONCLUSION

Defendants' Motion for a Protective Order and to Stay Discovery, and for Attorney Fees is DENIED. Dkt. 53.

The parties are ordered to find a mutually agreeable date prior to September 1, 2021, to meet and confer in good faith to resolve their discovery dispute. Should they remain at an impasse, the parties have until September 15, 2021, to file a final motion to compel that strictly complies with LCR 37(a).

Dated this 17th day of August, 2021.

*David W. Christel*
David W. Christel
United States Magistrate Judge

---

(H) The moving party shall be responsible for filing the motion containing both parties' positions on the discovery disputes, any declarations submitted by the parties, and the proposed form of order. The moving party shall certify in the motion that it has complied with these requirements. The submission shall be noted for consideration on the date of filing and shall be described as a "LCR 37 Joint Submission."

ORDER - 6