THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LOUGH, | CASE NO. C20-5894-JCC-DWC |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Robert Lough's objection (Dkt. No. 62) to the report and recommendation ("R&R") (Dkt. No. 54) of the Honorable David W. Christel, United States Magistrate Judge. Having thoroughly considered Lough's objection and the relevant record, the Court hereby OVERRULES the objection, ADOPTS the R&R, and, consequently, GRANTS in part and DENIES in part Defendants' motion for partial dismissal (Dkt. No. 44).

I.   BACKGROUND

Lough is civilly committed at the Special Commitment Center ("SCC"), a residential treatment facility for those detained under Washington State's sexually violent predator statute, Ch. 71.09 RCW. (Dkt. No. 24 at 1–2).[1] This lawsuit centers on Lough's repeated effort to buy a Xerox printer needed for Lough's *pro se* legal work appealing his civil commitment. (*See* Dkt.

---

[1] *See also In re Detention of Lough*, 2016 WL 6601635 (Wash. Ct. App. 2016) (unpublished).

No. 24 at 6–7.) At a high level, Lough alleges that Defendants refused to let him buy computer equipment via means that other detainees were allowed to use; said he could purchase the printer—only to reverse themselves and invent new reasons not to give it to him once it arrived; retaliated against him for writing grievances about this alleged obstruction; and tried to force him to accept an inferior, more expensive printer. (*See generally* Dkt. No. 24.)

Defendants moved to dismiss some of Lough's claims. Judge Christel's R&R recommends denying most of that request but dismissing without prejudice of Lough's access-to-courts claim. The R&R explains that establishing such a claim requires an "actual injury" to a nonfrivolous direct criminal appeal, *habeas* proceeding, or § 1983 case. (Dkt. No. 54 at 5–6 (citing *Lewis v. Casey*, 518 U.S. 343, 348 353 n.3, 354–55 (1996).) Thus, the R&R reasons, "[a]ppealing his civil commitment is not . . . the type[] of non-frivolous legal claim[]" needed to support an allegation of actual injury for a denial-of-access-to-courts claim. (*Id.* at 6.)

Lough timely objects. (Dkt. No. 62.)[2] He asserts that because he is civilly committed and not criminally confined, the rationale for limiting an "actual injury" to direct criminal appeals, *habeas* proceedings, and § 1983 cases does not apply. (*Id.* at 6–7.)

## II. DISCUSSION

A district court reviews de novo those portions of a magistrate judge's R&R that a party properly objects to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Here, Lough specifically challenges the R&R's reliance on legal authority regarding access to courts for imprisoned *criminal* defendants, given that he is *civilly* committed. (Dkt. No. 62 at 6–7).

Lough is correct that "persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of

---

[2] Lough's objection supplements his complaint with additional allegations and attaches 20 pages of documentary evidence. An objection to an R&R is not the right way to bring this information before the Court, because review is limited to "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). To the extent this evidence and these allegations pertain to Lough's denial-of-access-to-courts claim, he should instead include this supplemental information in his next amended complaint.

confinement are designed to punish." (*Id.* citing *Youngberg v. Romeo*, 457 U.S. 307, 321–22 (1982) (considering civil rights lawsuit filed by mother of involuntarily committed individual with intellectual disabilities).) But Lough is incorrect on the rest. Under binding Circuit precedent, the Supreme Court's decision in *Lewis* requiring an "actual injury" applies to a civil committee held as a sexually violent predator. *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004).

For example, in *Hubbs v. County of San Bernardino*, 538 F. Supp. 2d 1254, 1268 (C.D. Cal. 2008), a plaintiff civilly committed under California's sexually violent predator statute alleged that jail officials "denied his requests for access to the jail's law library because he was not a criminal defendant acting pro se." The court dismissed this claim because the plaintiff had failed to allege that losing law library access "caused him an 'actual injury' to a nonfrivolous claim regarding a conviction or conditions of confinement." *Id.* (citing *Lewis*, 518 U.S. at 350–55). The R&R thus correctly held that appealing a civil is not the type of proceeding to which an injury must be shown to establish an access-to-courts claim.

## III. CONCLUSION

For the foregoing reasons, the Court OVERRULES Lough's objection (Dkt. No. 62), ADOPTS the R&R (Dkt. No. 54), and GRANTS in part and DENIES in part Defendants' motion to dismiss (Dkt. No. 44) on the terms described in the R&R. It is further ORDERED that Lough must file an amended complaint—amending only his access-to-courts claim—within 30 days of the date of this Order. Failing to do so could lead to dismissal of that claim.

DATED this 1st day of October 2021.

*/s/ John C. Coughenour*

John C. Coughenour
UNITED STATES DISTRICT JUDGE