UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LOUGH,<br><br>                    Plaintiff,<br>    v.<br><br>WASHINGTON STATE DEPARTMENT<br>OF SOCIAL AND HEALTH SERVICES,<br>et al.,<br><br>                    Defendants. | CASE NO. 20-CV-05894-LK<br><br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION |

This matter comes before the Court on United States Magistrate Judge David W. Christel's Report and Recommendation, Dkt. No. 98, and Plaintiff Robert Lough's Objections, Dkt. No. 105. Mr. Lough also filed a Motion to Delay Further Actions Until a Copy of the Court's Order [Dkt. No. 94] Is Given to Plaintiff. Dkt. No. 96.

Having reviewed these documents and the remaining record, the Court adopts the Report and Recommendation, denies Mr. Lough's motions, grants Defendants' Cross-Motion for Summary Judgment, and dismisses this case with prejudice.

## I.  BACKGROUND

Judge Christel's Report and Recommendation details the factual background and procedural history of this case. *See* Dkt. No. 98 at 1–6. The Court therefore declines to recount those facts. As relevant here, Judge Christel issued his Report and Recommendation on January 13, 2022, which, in accordance with the governing statute and procedural rule, indicated that any objections were due within 14 days of service. *Id.* at 12 (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)). Judge Christel further warned that "[f]ailure to file objections w[ould] result in a waiver of those objections for purposes of *de novo* review by the district judge." Dkt. No. 98 at 12 (citing 28 U.S.C. § 636(b)(1)(C)). Mr. Lough nonetheless failed to file objections until May 26, 2022, nearly four months after the deadline for objections passed. Dkt. No. 105.

## II.  DISCUSSION

Although the Federal Magistrates Act directs the district court to conduct a de novo review "of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" it prescribes a 14-day window for filing any such objections. 28 U.S.C. § 636(b)(1)(C). The corresponding procedural rule enforces this 14-day deadline by limiting the Court's de novo review to "any part of the magistrate judge's disposition that has been *properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). Courts in this district have accordingly deemed untimely objections waived, including in circumstances far less egregious than those here. *See, e.g.*, *Norling v. Uttecht*, No. C19-5697-BHS, 2020 WL 42418, at *1 (W.D. Wash. Jan. 3, 2020) (petitioner waived his right to object to the report and recommendation because he filed objections nearly a month after the 14-day deadline expired); *Hausken v. Lewis*, No. C12-5882-BHS-JRC, 2014 WL 1912058, at *2 (W.D. Wash. May 12, 2014) (plaintiff waived his objections because he filed them approximately six weeks after the 14-day deadline expired). Mr. Lough likewise waived any objections to Judge Christel's Report and Recommendation by filing them

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

nearly four months late.

Mr. Lough attributes his untimely objections to the Public Disclosure Department at Washington State's Special Commitment Center ("SCC"), which he claims "refus[ed] to comply [with his] repeated requests for documents." Dkt. No. 105 at 3. He asserts that the delayed documents are "identical" to those he attached as exhibits to his Reply to Defendants' Response and Cross-Motion for Summary Judgment. *Id.*; *see* Dkt. No. 86 at 7–14 (documents at issue filed as exhibits). Defendants counter that these documents are "immaterial" to Mr. Lough's current objections because Judge Christel struck them in a previous order, which Mr. Lough failed to object to. Dkt. No. 108 at 2; *see* Dkt. No. 93 (striking exhibits). Defendants further contend that these documents remain inadmissible on the same grounds set forth in Judge Christel's order striking them. *See* Dkt. No. 108 at 2–3 ("[F]iling his own records request rather than borrowing records another resident requested does not cure the evidentiary issues noted by the Court."); Dkt. No. 93 at 3 (enumerating evidentiary bases for striking exhibits). The Court agrees with Defendants. And even assuming that the documents at issue were material to Mr. Lough's case, this would not excuse his failure to file timely objections. He could have moved the Court for an extension of the 14-day period. Indeed, and as Defendants note, he has filed multiple documents since Judge Christel issued his Report and Recommendation on January 13, 2022—including two before the 14-day deadline expired. Dkt. No. 108 at 2; s*ee* Dkt. No. 100 ("Motion for Status Correction," filed January 21, 2022); Dkt. No. 101 (Reply to Defendants' Response to "Motion to Delay Further Actions," filed January 27, 2022).[1]

---

[1] These motions are not objections to Judge Christel's Report and Recommendation. Instead, they relate to the Court's December 30, 2021 "Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(B) of the Code of Conduct for United States Judges" and the delay in Mr. Lough's receipt of this order, which he blames on Defendants. Dkt. No. 94; *see,* Dkt. No. 100 at 3; Dkt. No. 101 at 4–7.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

1    In any event, Judge Christel did not err. As Judge Christel observed, Mr. Lough's motion
2 does not satisfy the standards for either summary judgment or mandamus relief. Dkt. No. 98 at 7–
3 8. And, for the reasons discussed in Judge Christel's Report and Recommendation, Defendants are
4 entitled to summary judgment on each of Mr. Lough's claims. *Id.* at 8–12.

5    Finally, the Court denies Mr. Lough's Motion to Delay Further Actions, Dkt. No. 96, as
6 moot. It appears that Mr. Lough did not receive the Court's December 20, 2021 Order Regarding
7 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(B) of the Code of Conduct for United States Judges,
8 Dkt. No. 94, until January 11, 2022. Dkt. No. 101 at 4. The delay in Mr. Lough's receipt of the
9 Order appears to have resulted from restrictions imposed following an outbreak of COVID-19
10 among residents of the Washington State Special Commitment Center. Dkt. No. 99 at 2. This delay
11 is ultimately inconsequential because the Order is inapplicable to Mr. Lough as a *pro se* litigant.
12 The Court issued the Order following reassignment of the case from Judge Coughenour as a routine
13 practice to ensure compliance with laws and rules that are relevant only to parties who are, or have
14 been, represented by attorneys. *See* Dkt. No. 94 at 1. Because Mr. Lough has not been represented
15 by an attorney in this matter, the Order does not apply to him. Furthermore, when Mr. Lough
16 received the Order, his motion was rendered moot.

### III.    CONCLUSION

18    For the foregoing reasons, the Court ORDERS as follows:
19    (1) the Court ADOPTS Judge Christel's Report and Recommendation, Dkt. No. 98;
20    (2) the Court DENIES Mr. Lough's Motion for Partial Summary Judgment, Dkt. No. 76,
21        and his Motion to Delay Further Actions, Dkt. No. 96;
22    (3) the Court GRANTS Defendants' Cross-Motion for Summary Judgment, Dkt. No. 78;
23        and
24    (4) the Court DISMISSES this case with prejudice.

The Clerk is directed to send uncertified copies of this Order to Mr. Lough at his last known address.

Dated this 18th day of July, 2022.

*Lauren King*

Lauren King
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 5