UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LOUGH,<br><br>        Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>        Defendants. | CASE NO. 20-CV-05894-LK<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff Robert Lough's Motion for a Temporary Restraining Order ("TRO"). Dkt. No. 111. He asks the Court to order Defendants to return property they recently confiscated and provide a report explaining why they confiscated the property. *Id.* at 9. Mr. Lough also urges the Court to sanction Defendants with a $1,000.00 fine for every day that his property is seized. *Id.* For the reasons set forth below, the Court denies the motion.

Because "an injunction is not a cause of action, but rather a remedy," a motion for a TRO and injunctive relief must rest on a meritorious cause of action. *Krusee v. Bank of Am., N.A.*, No. C13-824-RSM, 2013 WL 3973966, at *5 (W.D. Wash. July 30, 2013). Mr. Lough lacks a

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

meritorious claim on which to base his motion for emergency injunctive relief. On July 18, 2022, the Court issued its Order Adopting Report and Recommendation, which dismissed Mr. Lough's section 1983 action with prejudice. Dkt. No. 110 at 4. Mr. Lough therefore cannot demonstrate a probability of success on the merits, a prerequisite for obtaining a TRO. *See Krusee*, 2013 WL 3973966, at *5 (denying request for injunctive relief where none of plaintiff's claims were meritorious); *Padayachi v. Indymac Bank*, No. C09-5545-JF-PVT, 2010 WL 1460309, at *7 (N.D. Cal. Apr. 9, 2010) (denying injunctive relief because plaintiff failed to show a likelihood of success on the merits).

Moreover, the Court does not have the authority to grant the requested injunction because it has no connection to the claims adjudicated in his now-dismissed section 1983 action. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). "[T]o the extent plaintiff seeks a restraining order to enjoin current violations of law not adjudicated in this action, he may open a new civil action to accomplish that goal." *Sherman v. City of Davis*, No. S-04-2320-LKK-EFB-PS, 2008 WL 1899926, at *2 (E.D. Cal. Apr. 25, 2008).

The Court therefore DENIES Mr. Lough's Motion for a Temporary Restraining Order. Dkt. No. 111. The Clerk is directed to send uncertified copies of this Order to Mr. Lough at his last known address.

Dated this 22nd day of July, 2022.

Lauren King
United States District Judge