UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT LOUGH,<br><br>              Plaintiff,<br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>              Defendants. | CASE NO. 3:20-CV-05894-LK<br><br>ORDER INVITING APPLICATION FOR APPOINTMENT OF COUNSEL AND DIRECTING PARTIES TO MEET AND CONFER |

      This matter comes before the Court on remand from the United States Court of Appeals for the Ninth Circuit. On July 18, 2022, this Court adopted the Report and Recommendation of United States Magistrate Judge David W. Christel, denied Plaintiff Robert Lough's motion for partial summary judgment, and granted Defendants' cross-motion for summary judgment on all of Mr. Lough's claims. Dkt. No. 110. The Ninth Circuit reversed. Dkt. No. 119. Although Mr. Lough's objections were nearly four months late and did not challenge Judge Christel's ruling on his First Amendment retaliation claim, *see* Dkt. No. 105, the Ninth Circuit found that "a genuine

ORDER INVITING APPLICATION FOR APPOINTMENT OF COUNSEL AND DIRECTING PARTIES TO MEET AND CONFER - 1

issue of material fact exists regarding whether Defendants transferred Lough because of his First Amendment-protected activity." Dkt. No. 119 at 4; *see also id.* at 5–6.

Mr. Lough is proceeding pro se and in forma pauperis. Dkt. No. 9. In February 2021, Judge Christel denied Mr. Lough's motion for appointment of counsel without prejudice. Dkt. No. 31 at 6–7 (Mr. Lough's request); Dkt. No. 34 at 7–8 (Judge Christel's denial). The circumstances of this case have since changed. "Even *pro se* plaintiffs with sufficient skills to survive summary judgment are unlikely to be able to try a case," *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998), so when a "case [involving a pro se plaintiff] proceeds to trial, [the court] should give serious consideration to appointing counsel," Federal Judicial Center, *Civil Litigation Management Manual*, 135 (3d ed. 2022); *see also, e.g.*, *Perez v. Grey*, No. 2:21-CV-00095-LK, 2023 WL 2758341, at *22 (W.D. Wash. Mar. 30, 2023) (inviting pro se litigant who survived summary judgment to renew his motion for appointment of counsel); *Davey v. Pierce Cnty. Council*, No. C21-05068-JCC-SKV, 2022 WL 3155368, at *1 (W.D. Wash. Aug. 8, 2022) (granting pro se litigant's request for appointment of counsel and observing that "litigation ha[d] advanced" and "circumstances ha[d] changed" since the court's denial of plaintiff's request for counsel, and that "litigating the merits of Plaintiff's conditions of conferment claims [was] likely to significantly increase the complexity of the litigation process"). Should Mr. Lough still desire appointment of counsel, he may file a renewed motion seeking such appointment by no later than October 20, 2023.

The Court further ORDERS the parties to meet and confer and file a joint status report proposing a trial date and pre-trial deadlines by no later than December 1, 2023. The parties' proposed deadlines should provide at least as much time between deadlines and the proposed trial date as provided in this Court's scheduling template. *See* Standing Order for All Civil Cases, Section I, https://www.wawd.uscourts.gov/sites/wawd/files/2023_01_09%20King%20Standing%

ORDER INVITING APPLICATION FOR APPOINTMENT OF COUNSEL AND DIRECTING PARTIES TO MEET AND CONFER - 2

20Order%20re%20Civil%20Cases_.pdf. Furthermore, should the parties desire to engage in mediation, they must provide proposed dates for mediation and inform the Court as to whether they desire appointment of a mediator. *See* LCR 39.1(c)(3)–(4); Request for Pro Bono Mediation Form, https://www.wawd.uscourts.gov/sites/wawd/files/RequestforProBonoMediation.pdf.

Dated this 5th day of October, 2023.

Lauren King
United States District Judge

ORDER INVITING APPLICATION FOR APPOINTMENT OF COUNSEL AND DIRECTING PARTIES TO MEET AND CONFER - 3