UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LOUGH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 20-CV-05894-LK<br><br>ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL AND REQUIRING PARTIES TO ENGAGE IN MEDIATION |

This matter comes before the Court on pro se Plaintiff Robert Lough's Motion/Application for Appointment of Counsel and Pro Bono Mediation. Dkt. No. 122. The motion is granted in part and denied in part.

**I.　BACKGROUND**

In response to the Ninth Circuit's partial remand of this case, the Court invited Mr. Lough to renew his motion for appointment of counsel. Dkt. No. 121 at 2; *see* Dkt. No. 119 (Ninth Circuit order). And, to the extent the parties wished to engage in mediation, the Court instructed them to propose mediation dates and indicate whether they wanted the Court to appoint a mediator. Dkt.

ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL AND REQUIRING PARTIES TO ENGAGE IN MEDIATION - 1

1    No. 121 at 3. Mr. Lough timely moved for appointment of counsel and requested pro bono
2    mediation. Dkt. No. 122. His motion, however, is not so limited. Mr. Lough alleges that
3    Defendants "illegally confiscated" his computer and other personal items, and he seeks an order
4    directing "the immediate return of [his] computer[.]" *Id.* at 2–3, 11; Dkt. No. 124 at 6. He also
5    recounts several miscellaneous incidents with prison staff that he characterizes as deliberate
6    indifference, harassment, or retaliation. Dkt. No. 122 at 2–8.

7        Although Defendants do not object to appointment of counsel, they urge the Court to strike
8    Mr. Lough's motion and order him to refile one limited to that request. Dkt. No. 123 at 2 ("The
9    only paragraphs that reference this case are 1.1, 2.5T, 3.1, 3.2, 4.1, and 5.1. This remanded lawsuit
10   is not an opportunity for the Plaintiff to litigate new claims, nor can he seek relief beyond the
11   request to appoint counsel and set mediation."). Defendants also contend that mediation "would
12   not be fruitful and should not be ordered." *Id.* at 1. They cite the fact that, "[e]arly in the life of
13   this case," both sides made Rule 68 offers that "differed by almost $100,000." *Id.* According to
14   Defendants, "correspondence and pleadings throughout this case make the chances of reaching a
15   mediated result unlikely." *Id.*

16                                       **II.   DISCUSSION**

17       The Court begins with Defendants' request to strike Mr. Lough's motion. It then
18   emphasizes the limited scope of remand in this case before explaining why appointment of counsel
19   is appropriate. The Court concludes by addressing Defendants' resistance to mediation.

20   **A.    Request to Strike and Scope of Remand**

21       The Court declines to strike Mr. Lough's motion. It agrees, however, that the motion
22   contains allegations, arguments, and requests for relief that exceed both the scope of remand and
23   the Court's invitation to move for appointment of counsel. The Court therefore disregards Mr.
24   Lough's accusations related to Defendants' seizure of several personal items, Defendants' alleged

failure to replace his eyeglasses and mouth guard, and other purported incidents of misconduct that are not the subject of this suit on remand. It also denies Mr. Lough's request for an order directing Defendants to return his "illegally confiscated" computer. *See, e.g.*, *Casterlow-Bey v. Keisler*, No. C17-5561-BHS-TLF, 2017 WL 4773352, at *2 (W.D. Wash. Sept. 20, 2017) (denying motion that raised issues and sought relief unrelated to the claims raised in complaint), *report and recommendation adopted*, 2017 WL 4700139 (W.D. Wash. Oct. 19, 2017).

The limited scope of remand warrants emphasis in light of Mr. Lough's filing. The Ninth Circuit remanded this case for trial on one issue: "whether Defendants transferred Lough because of his First Amendment-protected activity." Dkt. No. 119 at 4. More specifically, a jury must determine whether Defendants initiated Mr. Lough's January 2020 transfer from the Gingko Unit to the Cedar West Unit in retaliation for his "repeated self-advocacy and grievances[.]" *Id.* at 4–5. Mr. Lough may not exceed the scope of this narrow remand by effectively attempting to amend his complaint at the eleventh hour. Nor may he re-litigate his equal protection claim. *See id.* at 3 (affirming summary judgment in favor of Defendants on equal protection claim). The Court accordingly cautions Mr. Lough that it will not entertain future motions or other filings that advance allegations or arguments unrelated to his First Amendment retaliation claim arising from his January 2020 transfer, or that seek relief beyond the scope of remand (e.g., the return of his computer and other personal items). Such filings will be summarily stricken and sanctions up to and including dismissal may be imposed. *See* LCR 11(c).

**B.     Appointment of Counsel**

In light of Defendants' non-objection, and for the reasons set forth in the Court's previous Order, Dkt. No. 121 at 2, Mr. Lough's request for appointment of counsel is granted, contingent on the identification of counsel willing to represent him in this matter. *See Davey v. Pierce Cnty. Council*, No. C21-05068-JCC-SKV, 2022 WL 3155368, at *2 (W.D. Wash. Aug. 8, 2022).

ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL AND REQUIRING PARTIES TO ENGAGE IN MEDIATION - 3

## C.   Mediation

The Court may order the parties in any civil case to engage in mediation. LCR 39.1(c)(1). Defendants' opposition to mediation is premised primarily on the parties' unproductive exchange of Rule 68 offers early in this litigation. Dkt. No. 123 at 1. Although past peace talks may not have been the most constructive or promising, the Court notes that the circumstances of this case—including the parties' respective positions—have changed considerably since then. Mr. Lough has not yet benefitted from the assistance of counsel, and the Court is confident that such advice could be a compelling addition to the parties' settlement discussions. *See Harris v. City of Kent*, No. C20-1045-RSM-TLF, 2021 WL 5514600, at *1 (W.D. Wash. Nov. 24, 2021) (a court may require mediation when doing so would yield significant benefits); *Mayo v. United States*, No. 2:11-1115-RSM, 2013 WL 174425, at *1 (W.D. Wash. Jan. 16, 2013) (ordering parties to engage in mediation because it would help them reach an expeditious resolution).

The Court will therefore issue an order directing the parties to engage in mediation once either counsel for Mr. Lough appears or the Court is informed that no counsel is available to be appointed.

## III.   CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Mr. Lough's Motion/Application for Appointment of Counsel and Pro Bono Mediation. Dkt. No. 122.

In accordance with Section 4(b) of General Order 16-20,[1] the Clerk is directed to identify an attorney from the Pro Bono Panel to represent Mr. Lough in this litigation. Although appointment may be limited to representing Mr. Lough during mediation, it is preferred that the appointment extend through trial should mediation prove unsuccessful. The Court VACATES the

---

[1] In September 2023, Chief Judge Estudillo signed General Order 07-23 amending the procedures for appointment of pro bono counsel in this district. Those amendments, however, do not take effect until January 1, 2024.

portion of its previous Order instructing the parties to file a joint status report by December 1, 2023. Dkt. No. 121 at 2. The Court will issue a separate order regarding mediation once the Clerk has determined whether an attorney can be appointed to represent Mr. Lough.

Dated this 20th day of November, 2023.

*Lauren King*
Lauren King
United States District Judge

ORDER DIRECTING CLERK TO IDENTIFY PRO BONO COUNSEL AND REQUIRING PARTIES TO ENGAGE IN MEDIATION - 5